FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 27 2011 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Steven Denicola

    Plaintiff

-against-

ALW Sourcing, LLC

    Defendant

---X

Docket No. **CV-11 3614**

FEUERSTEIN, J
BOYLE, M

**SUMMONS ISSUED**

COMPLAINT AND DEMAND FOR JURY TRIAL

Unlawful Debt Collection Practices

TRIAL BY JURY DEMANDED

Plaintiff, by her attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. The Plaintiff is suing the Defendant debt collector because Defendant repeatedly disclosed to third parties that they were a debt collector attempting to collect a debt; Defendant did not provide the notices required by 15 USC 1692g within the specified time period; and Defendant did not provide the notices required by 15 USC 1692e(11).

2. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; as well as for violations of common law.

3.    According to 15 U.S.C. 1692:

(a)    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b)   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)   Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d)   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)   It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

5. Plaintiff, Steven Denicola is a natural person residing in Suffolk County, New York. Plaintiff is a consumer as defined by the FDCPA.

6. Defendant ALW Sourcing, LLC is a debt collection company engaged in the business of collecting debts in this state. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

## IV. FACTUAL ALLEGATIONS

8. Plaintiff repeats paragraphs "1" through "7" as if fully restated herein.

9. The Defendants allege that the Plaintiff owes a consumer debt (the debt) to a company called Citibank. ("the debt" or "the alleged debt") The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for the purchase of household and personal products and no part of the alleged debt was incurred for business related items or services.

10. At some point unknown to Plaintiff, Defendant alleges to have acquired the legal right to collect the alleged debt. Plaintiff has had no business relationship with Defendant and is not aware of any documents establishing Defendant's alleged right to attempt to collect the alleged debt.

11. In October 2010 the Defendant began telephoning the Plaintiff in an attempt to collect a debt. The Defendant left messages for the Plaintiff on the home answering machine used by Plaintiff and other occupants of the house.

12. The Plaintiff and his spouse live in a household with other adult persons.

13. All adult members of Plaintiff's household have access to, and utilize the answering machine associated with the telephone number that the Defendant called.

14. In October 2010, Defendant left a message on the answering machine in the

Plaintiff's household in which the Defendant failed to meaningfully identify themselves and failed to give the notices required by 15 USC 1692e(11). The Defendant left the following message on the answering machine in Plaintiff's home:

> *Hey Steven how are you. Ron Jackson with ALW. When you have a moment sir, can you call my office please. My number is 888-379-4884, extension 3292. I'm in my office today Wednesday October 27th until 5pm eastern standard time. Tomorrow my hours of operation are from 12 noon until 9pm eastern standard time. Again it's Ron Jackson with ALW sir. Have a good day.*

15. Several of the messages that were left by the Defendant on the answering machine were left by a robo-dialer, and the messages that were left were an artificial/pre-recorded voice.

16. Throughout October, November, and December 2010, the Defendant repeatedly telephoned the Plaintiff's house and left messages on the answering machine disclosing that the Defendant was a debt collector attempting to collect a debt. While the messages were being left on the answering machine, the messages were audible. Occupants of the Plaintiff's household, other than Plaintiff and his spouse, heard the messages as they were being left.

17. The defendant left the following automated message on the answering machine that were overheard by persons other than the Plaintiff or Plaintiff's spouse:

> *This is ALW Sourcing a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please return the call to Ron Jackson at 888- 379-4884. Again that's Ron Jackson at 888-379-4884. Thank you. ALW Sourcing is a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. When calling please refer to your ID code OG 3112. Again your ID code is OG 3112.*

18. Additionally numerous live representatives of the Defendant left messages on the answering machine in Plaintiff's residence fully disclosing to all the residents of Plaintiff's household that Defendant was a debt collector attempting to collect a debt.

19. Defendant left the following messages on the answering machine in Plaintiff's household:

> *This is a very important message from ALW Sourcing, LLC. The law requires that I notify you that this is a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. It is very important that you return my call so that we may resolve this matter and avoid continued collection activity on your account. My toll free number is 888 379-4884. Extension 5911. Look forward to hearing from you.*

20. The Plaintiff never gave the Defendant consent to communicate with any third party in connection with the collection of the debt.

21. The Plaintiff did not give Defendant express permission to leave messages on the answering machine that Defendant called.

22. At the time that the Defendant left the messages, the Defendant did not have any information to substantiate that the Plaintiff lived alone.

23. Defendant left over 15 messages for the Plaintiff in which Defendant identified themselves as a debt collector.

24. The Defendant failed to provide the written notices required by 15 USC 1692g within 5 days of first communicating with the Plaintiff.

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

26. Defendant's actions as described herein violated the following provisions of the FDCPA:

    a. 15 U.S.C Section 1692e

    b. 15 U.S.C Section 1692e(10)

    c. 15 U.S.C Section 1692e(11);

    d. 15 U.S.C. Section 1692d(6); and

    e. 15 U.S.C Section 1692c(b)

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, for the following:

    A. Actual damages

    B. Statutory damages

    C. Costs and reasonable attorney's fees pursuant to the FDCPA;

    D. For such other and further relief as the Court may deem just and proper.

                                    Respectfully submitted,

                                    Joseph Mauro (JM: 8295)
                                    The Law Office of Joseph Mauro, LLC
                                    306 McCall Ave.
                                    West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

_____
Joseph Mauro